UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eulogio Martinez-Arrellano,

Petitioner,

vs.

United States of America,

Respondent.

Civil No. 04-3054 (RHK)
Criminal No. 02-89 (1) (RHK/AJB)

**ORDER**

---

Before the Court is Petitioner's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. On May 29, 2002, Petitioner pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and he was sentenced to 168 months imprisonment. An appeal to the Eighth Circuit challenging a two-level role enhancement was unsuccessful.

Petitioner now argues that he received ineffective assistance of counsel and alleges that

> (1) "his Public Defender told him that if he pleaded guilty to the charges, the most sentence he would get was 120 months. Moreover, the Public Defender also told him that he was also going to get a two-level downward departure for the safety valve provision of U.S.S.G. § 5C1.2. The Public Defender also told [him] that he would ultimately get a sentence of less than 120 months."
>
> (2) "he repeatedly told his Public Defender to investigate and review the Confidential Informant's (hereinafter 'CI') agreement to cooperate with the government; any debriefing report(s) or an outline of what type of case(s) the CI might produce; the CI's personal and criminal history; the amount of money paid to the CI for information and expenses; and any other privilege(s) the CI was entitled to for information provided to the government."

Petitioner's arguments are without merit and contradicted by the record. The plea agreement which was read, understood, and signed by Petitioner, contemplates a sentencing range of 135 to 168 months. Both the Government and the undersigned covered the sentencing range of 135-168 months with Petitioner at his change of plea hearing. There is no basis to assert that Petitioner's own counsel advised him in a manner which contradicts everything that was said and done when he entered his guilty plea.

The same can be said of Petitioner's claim regarding the confidential informant. Counsel was given the identity of the confidential informant and various discovery material relating to him. No fingerprints or palm prints were found on the 30 duct tape packages and that information was made available to defense counsel. There is no basis in the record to conclude that counsel's performance fell below any objectionable view of reasonableness.

With respect to the safety valve issue, Petitioner again fails to establish any ineffectiveness on the part of his counsel. The sole reason for the Court's determination that Petitioner did not qualify for the safety valve was the Court's finding that he was a leader or organizer, an issue which was argued and briefed by his counsel. The presentence investigation report had recommended a 4 level enhancement, but after hearing from defense counsel and reviewing the record, a 2 level enhancement was applied. That ruling was affirmed by the Eighth Circuit. With that role enhancement, the Petitioner, by the very terms of U.S.S.G. § 5C1.2(4), does not qualify for the sentencing relief he now seeks and his counsel had no control over that.

Having presided over the change of plea and sentencing hearings, and having had the

opportunity to observe counsel's performance, it is this Court's conclusion that Petitioner has fallen far short of establishing that he received ineffectiveness of counsel.

Accordingly, and upon all the files, records and proceedings herein, **IT IS ORDERED**:

1. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 145) is **DENIED**; and

2. Petitioner has not made a showing of the denial of a constitutional right and he is not entitled to a Certificate of Appealability with respect to any of the issues raised in this proceeding.

Dated: January 10, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge